UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMY SHAKER, individually, and on behalf of a class of similarly situated individuals,

    Plaintiffs,

v.

CHAMPION PETFOODS USA INC. and CHAMPION PETFOODS LP,

    Defendants.

Case No. 18-13603

Honorable Laurie J. Michelson

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [64] AND OTHER PENDING MOTIONS [53, 54, 55, 60, 61, 62, 63]**

Champion PetFoods' motion for summary judgment raises a threshold issue of the applicability of an exemption under Michigan's Consumer Protection Act, which forms the basis of the Plaintiffs' only remaining claim. (ECF No. 64, PageID.4928–4932); *see also* Mich. Comp. Laws § 455.904(1)(a). Recognizing that exemption from the MCPA is an affirmative defense that must usually be raised in the first responsive pleading, Champion nonetheless asks the Court to permit it to be raised for the first time at summary judgment because the Plaintiffs are neither prejudiced nor surprised by it. (ECF No. 64, PageID.4931 n.6; ECF No. 88, PageID.12492–12494); *see also Lauderdale v.*

*Wells Fargo Home Mortg.*, 552 Fed. App'x. 566, 573 (6th Cir. 2014). Plaintiffs protest. (ECF No. 73, PageID.9139.) They argue, in part, that they were prejudiced by the lack of opportunity to rebut this affirmative defense in discovery. (*Id.*) In its reply, Champion offered to accommodate the Plaintiffs' request for additional discovery "at Champion's expense" if it were thereafter allowed to renew its motion for summary judgment. (ECF No. 88, PageID.12493 n.4.)

Upon review of the parties' positions, the Court will grant Plaintiffs an additional period of discovery on the applicability of the MCPA. *See* Mich. Comp. Laws § 455.904(1)(a). That discovery period will close on March 21, 2022. If Champion wishes to refile its motion for summary judgment, it has until April 4, 2022 to do so. The parties will then adhere to Eastern District of Michigan Local Rule 7.1 for the response and reply.

Because the MCPA exemption issue has the potential to be dispositive, the Court will also dismiss the other pending motions without prejudice to refiling. (ECF Nos. 53, 54, 55, 60, 61, 62, 63, 64.) These motions should also be refiled by April 4, 2022. If the new discovery does not alter the other pending motions, then they should simply be refiled as "renewed" motions. If this discovery does alter any of the pending motions, then they should be styled as "revised" motions. Any responses and replies to revised motions should be filed in accordance with Local Rule 7.1.

In conclusion, the Court DISMISSES all pending motions without prejudice to refiling and GRANTS plaintiffs an additional discovery period, at Champion's expense, which will close on March 21, 2022. The parties will then have until April 4, 2022 to refile their motions as either "renewed" or "revised" motions.

SO ORDERED.

Dated: February 4, 2022

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE